**UNITED STATES of America**

**v.**

**Joseph Mac BASKIN, Jr., Appellant.**

**No. 19170.**

United States Court of Appeals, Third Circuit.

Argued Sept. 17, 1971.

Decided Oct. 18, 1971.

Samuel J. Pasquarelli, Pittsburgh, Pa., for appellant.

Henry G. Barr, Asst. U. S. Atty., Pittsburgh, Pa., (Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, ADAMS and ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

At approximately 10:30 A.M. on September 15, 1969, two armed men entered the Homewood Branch Office of the Pittsburgh National Bank and robbed it of $6,731.78. Both men were dressed in beige trenchcoats, one wearing a stocking mask and the other a ski mask. After running out of the bank they made their escape in a waiting automobile.

Minutes before the robbery two employees of the bank, Flaccus and Wright, saw through a bank window two men in beige trenchcoats bending over and talking with a third person seated in a 1965 Pontiac parked in an alley beside the bank. One man was also wearing a ski mask rolled on the top of his head. Flaccus said to Wright: "That looks like one of our customers. * * *" Wright replied; "It couldn't be."

Flaccus and Wright identified Baskin at the trial as one of the men they saw in the alley. Both employees testified that they believed that the man they saw in the alley was not a customer of the bank.

█ It appears from the evidence that Baskin and his wife had a joint account at the bank and that Baskin had been present in the bank before September 15, 1969 and that Baskin's wife did some of the couple's business at the bank. It is on this small discrepancy, if it be such, between this evidence and that of Wright, that Baskin in large part bases his contention that there was insufficient evidence to find him guilty. Whether Baskin, identified by Flaccus as one of the men in the alley, was or was not a customer of the bank is far from being crucial. The resolution of a conflict of evidence going to the identification of a defendant lies peculiarly within the province of the jury. Baskin was explicitly identified by both Flaccus and Wright as one of the robbers.

Baskin asserts second, that one Jones, a witness, had informed a local police officer and a bank employee, Richards, that Baskin had an alibi. Richards testified that he had no recollection of having received this information and the policeman to whom the alleged statement as to Baskin's alibi was made could not be found. In respect to this matter the prosecutor in his closing argument to the jury stated: "[L]adies and gentlemen, you will recall neither Mr. Conly nor Mr. Jones testified that they ever told the FBI that Joseph Baskin couldn't possibly have been the bank robber. And they never went down to the police station and told the police that Joseph Baskin couldn't possibly be the robber."*

█ After the closing arguments Baskin's counsel raised the issue of Jones' alleged communications to the police and to the bank employee and the trial judge ruled that none of the prosecutor's remarks was prejudicial and that the prosecutor "had the right to say that Mr. Jones never went to the police. * * * I think it was within the realm of legitimate argument." The trial judge committed no error here. An issue of fact was presented as to whether Jones had given the alibi information to the police and to Richards. Again there was an issue of fact for the jury and we cannot regard the statement of the prosecutor as prejudicial.

Other issues raised by Baskin do not require discussion.

The judgment of conviction will be affirmed.

We thank court-appointed counsel for Baskin for his diligent prosecution of his client's appeal.

---

* Supplemental Transcript p. 10.